# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

NINA ANCHARSKI,

   Plaintiff,

    v.

CORNELL STOREFRONT
SYSTEMS, INC.

   Defendant.

CIVIL ACTION NO. 3:21-cv-02169

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

 This is an employment discrimination case.  The plaintiff, Nina Ancharski, has raised gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Pennsylvania Human Relations Act, ("PHRA") 43 P.S. § 951 *et seq.,* and an Equal Pay Act claim under 29 U.S.C. § 206(d) against her former employer, Cornell Storefront Systems, Inc. Cornell has filed a partial motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) related only to the Title VII and PHRA claims which is before the court for disposition. (Doc. 9).  The parties have briefed the motion. (Doc. 12; Doc. 15-1; Doc. 18).

Cornell's motion to dismiss is ripe for disposition.  For the reasons set forth herein, we will grant the motion.

## I.   *Statement of Facts*

As Cornell's motion to dismiss does not involve the Equal Pay Act claim, we will confine the facts to the Title VII and PHRA claims as set forth in the complaint.

Ancharski was employed by Cornell as a project coordinator from May 5, 2009, through September 11, 2020, the date she claims she was unlawfully constructively discharged.  In September or October of 2019, Cornell hired two males to serve as project managers.  Ancharski trained them and they performed the same duties as assigned to her.  The males were compensated at a salary of $75,000, while Ancharski was paid $17.00 per hour.  Despite her qualifications and experience, her request to apply for a project manager position was denied.

Ancharski made a complaint of gender discrimination to Cornell in October 2019.  Cornell failed to take any corrective action.  Sometime after her complaint to Cornell, Ancharski learned that all female employees in her department were paid less than males who performed the same work.  Despite Ancharski's continuing objections and

conversations with her direct supervisor, Cornell refused to adjust her compensation or cease its alleged discriminatory practices.

On July 7, 2021, Ancharski filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and disparate pay. On August 26, 2021, she filed an amended charge with the EEOC. However, on August 20, 2021, Cornell filed a complaint against Ancharski in the Court of Common Pleas of Luzerne County, Pennsylvania for breach of contract, inevitable disclosure, Pennsylvania Secret Act, breach of fiduciary duty and duty of loyalty, and tortious interference, which was based upon her filing an EEOC charge.

Ancharski filed her complaint in this court on December 28, 2021. (Doc. 21). By stipulation, Cornell was given until May 10, 2022, within which to answer or otherwise plead in response to the complaint. (Doc. 4; Doc. 7). On May 10, 2022, Cornell timely filed its motion to dismiss. (Doc. 9).

In its motion, Cornell seeks dismissal of the complaint because: (1) the Title VII claims accrued more than 300 days before Ancharski filed her charge of discrimination with the EEOC; (2) the PHRA claims

accrued more than 180-days before she filed her charge of discrimination; and, alternatively, (3) the complaint fails to allege claims under Title VII and PHRA.

## II.   *Legal Standards*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6).  "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).  Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow*

*v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy,* 481 F.3d 187, 195 (3d Cir. 2007).  Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice.  *In re Washington Mut. Inc.,* 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia,* 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny,* 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

### III.   Discussion

Title VII prohibits discrimination by an employer against an individual based on that individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).

### A.   Exhaustion of Administrative Remedies

Cornell argues that Ancharski has not timely exhausted her administrative remedies regarding her Title VII and PHRA claims.  The timely exhaustion of administrative procedures is a precondition to the maintenance of a federal employment discrimination civil lawsuit. *See* 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 105 (2002).  "Filing a charge and receiving a right to sue letter are

prerequisites to an individual's bringing suit under Title VII." *McNasby v. Crown Cork & Seal Co.,* 888 F.2d 270, 282 (3d Cir. 1989). Although not raised by Cornell, "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001).

Here, Ancharski has alleged that she received two notices of rights, presumably containing right-to-sue letters, by electronic mail from the EEOC, dated September 28, 2021, and September 29, 2021, respectively. She did not allege when she received the notices, nor did she attach the notices to the complaint. Rather, she alleged that she filed the complaint within ninety days of her receipt of the notices of rights. We presume that Cornell is not disputing that the plaintiff received the right-to-sue letter on the dates of the emailed notices as alleged in the complaint.

Nonetheless, assuming the notices of rights were received as plead, with respect to the notice dated September 28, 2021, ninety days expired on December 27, 2021, one day before the complaint was filed on December 28, 2021.

Here, Cornell contends that the plaintiff's complaint filed in this Court is untimely with respect to the Title VII claims because it was filed

6

more than three hundred (300) days after the date she alleges an unlawful constructive discharge.  In support of this argument, Cornell relies on 42 U.S.C. § 2000e-(e)(1), which is set out as follows:

> **(e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency; seniority system**
>
> **(1)**   A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred*, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

(emphasis added).   The plaintiff alleged that she was unlawfully constructively discharged on September 11, 2021.  (Doc. 1 ¶23).  Three

7

hundred days after September 11, 2023, is Friday, July 8, 2022.  The complaint alleges that Ancharski filed her charge of discrimination with the EEOC on July 7, 2021, related to gender discrimination and disparate pay.  (*Id.* ¶36).  However, she did not attach that document to the complaint.

In its motion to dismiss, Cornell attached the charge of discrimination dated July 22, 2021, and the amended charge of discrimination dated August 26, 2021.  (Doc. 9-3; Doc. 9-4).  These documents are identical to the documents attached to the plaintiff's brief in opposition, and thus they are undisputed.  (Doc. 15-2, at 4, 6-7).

Generally, in ruling on a motion to dismiss under Rule 12(b)(6), as a district court, we are not permitted to consider extraneous matters to the pleadings.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  There are a few exceptions to this rule, one of which includes the court's ability to review *undisputedly* authentic documents attached to a motion to dismiss.  *See Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 781 (W.D. Pa. 2000); *see also McNaney v. Sampson and Morris Group, Inc.*, Civil Action No. 2:21-cv-1809, 2022 WL 1017388, at *2 (W.D. Pa. Apr. 5, 2022) ("Federal courts have held that EEOC

documents attached to a defendant's motion to dismiss are reviewable without converting the motion to one for summary judgment because they are not subject to dispute as to their authenticity and issues relating to exhaustion and post-exhaustion timeliness form essential parts of a plaintiff's claims.").

In her opposition brief, Ancharski attached a copy of a purported Form 5 charge of discrimination dated July 7, 2021 (Doc. 15-2, at 2), presumably to demonstrate that the charge was filed with the EEOC. However, a complaint cannot be amended by a brief in opposition.  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal citation omitted).[1]

Like the Title VII claims, the PHRA claims are also subject to an exhaustion requirement. *Clay v. Advanced Comput. Applications*, 559

---

[1]    Even if we considered the Form 5 charge of discrimination purportedly dated July 7, 2021, and filed with the EEOC, it is inconsistent with the Form 5 charge of discrimination (Doc. 9-3) which was undisputedly filed with the EEOC on July 22, 2021, because in the body of the charge dated July 22, 2021, it refers to the attempted filing on *July 6, 2021*.  There is no filing alleged to have been made on July 6, 2021, in the complaint.  Rather, Ancharski alleged that she "timely filed a Charge of Discrimination," and that "On July 7, 2021, Plaintiff filed a Charge of Discrimination with the EEOC. . . ."  (Doc. 1 ¶¶13, 36).

A.2d 917, 919 (Pa. 1989). The PHRA requires a plaintiff to file a charge "within 180 days after the alleged act of discrimination." 43 P.S. § 959(h). This time period is unaffected by the enlarged time period under Title VII. *Brown v. Tait Towers Mfg., LLC*, No. 5:21-CV-04573, 2022 WL 206177, at *4 (E.D. Pa. Jan. 21, 2022). Ancharski alleges that she was unlawfully constructively discharged on September 11, 2021. One hundred eighty days after that date was March 10, 2022. The complaint makes no allegation of any filing with the Pennsylvania Human Relations Commission. Ancharski concedes that her PHRA claims of pre-discharge conduct are outside the 180-day time limitation. (Doc. 15-1, at 11). Therefore, the PHRA claims as pleaded are untimely and we will dismiss them.

Based upon the facts alleged in the complaint and the undisputed documents of record, which we can consider in deciding the motion before us, the complaint was not timely filed with respect to Counts I through IV and we are constrained to grant the motion and dismiss those counts from the complaint.

### B.  Leave to Amend

The plaintiff has requested, alternatively, that if the Court granted the defendant's motion, that she be granted leave to amend her complaint. The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it is not clear that amendment would be futile with respect to the Title VII claims and the PHRA retaliation claim, nor is there any basis to believe it would be inequitable.  Therefore, we will grant Ancharski leave to file an amended complaint with respect to the Title VII claims and the PHRA retaliation claim.

An appropriate order follows.

<u>**s/Joseph F. Saporito, Jr.**</u>
JOSEPH F. SAPORITO, JR.,
U.S. Magistrate Judge

Dated:  March 10, 2023